Nott, J.,
delivered the opinion of the court:
The Joint Resolution 23d June, 1874, (18 Stat. L., Pt. Ill, p. 289,) authorized the payment of two months’ pay u to such clerks and employes of the Executive Departments in Washington as shall be discharged at the close of the present fiscal year without fault on their part, but by reason of the reductions made necessary by the legislation of the present session of OongressP Upon this enactment two questions arise, both of which we think, in effect, have been determined by the Supreme Court.
The first of these questions is whether the joint resolution extends to a person in an Executive Department whose services were rendered under a contract, and . whose employment was not the result of an appointment to an office or position the compensation of which is fixed by law. That question arose in the Twenty-per-cent. Cases, (9 C. Cls. R., p. 103,) and was resolved by the Supreme Court in favor of the claimant. In the previous cases (7 C. Cls. R., p. 290) the Supreme Court had said u persons so employed are properly in the service, if they were employed by the head of the Department or of the bureau, or any division of the Department charged with that duty and authorized to make such contracts and fix the compensation of the person employed, even though the particular employment may not be designated in any appropriation act.” In the latter cases the Supreme Court carried this principle in its practical application to every variety of employós, including mechanics, machinists, and day-laborers, giving to the term “ employé ” its most comprehensive signification. The keeper of the gate at the Capitol, the watchman at the crypt, a laborer on the public grounds, a watchman at the public stables, and the police of the Capitol were all held to be employés within the meaning of the resolution. We must therefore answer the question here by saying that the term “ employé,” as used in the resolution, has a sufficiently broad signification to embrace the case of one who rendered clerical services in an Executive Department in Washington, though the services were rendered under an express agreement. '
The second question is whether an employé in the Surgeon-General’s Office in Washington is an employé in an Executive Department. This question has also been decided by the Supreme Court in Wilde's Case, (9 C. Cls. R., p. 103-106.) The *733 claimant there was employed in the Medical Department of the Army at Washington, but by the authority of the Surgeon-General. His counsel contended (p. 115) that this made him “ an employé”of the Surgeon-General, and that u tlia Surgeon-General’s Office is a part of the War Department.” In this court the contrary had been held upon the ground that employés of the Medical Departmentare paidoutof appropriations for the Army, whereas the Surgeon-General’s Office is recognized in the annual appropriations made by Congress as a part of the War Department. (9 C. Cls. R., p. 312.) But the Supreme Court, on an appeal, overruled this distinction, and sustained the position of the claimant. Whatever differences exist between the case of Wilde and the case now before us are on the side of the present claimant, and whatever doubts we might have felt in regard to his right to recover are completely removed by these decisions of the Supreme Court.
The judgment of the court is that the claimant recover of the defendants the sum of $200.
Richardson, J., was absent when this decision was announced.